IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC THOMPSON, CHRISTOPHER BENJAMIN, JERMAINE BRYANT, CHRIS CARTER, VANESSA COFFIN, BRIAN COVINGTON, ARVELL EDMONDSON and STROHN JOHNSON, on behalf of themselves and all similarly situated individuals, </br></br>Plaintiffs, </br></br>vs. </br></br>BRUISTER & ASSOCIATES, INC., </br></br>Defendant. | No. _____ </br></br>Judge _____ </br></br>Jury Demand </br></br>Collective Action |

## COMPLAINT

For their Complaint against defendant Bruister & Associates, Inc. ("Defendant"), plaintiffs Eric Thompson, Christopher Benjamin, Jermaine Bryant, Chris Carter, Vanessa Coffin, Brian Covington, Arvell Edmondson and Strohn Johnson, on behalf of themselves and all similarly situated individuals, (collectively "Plaintiffs") state:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiffs Eric Thompson, Jermaine Bryant, Chris Carter, Brian Covington, Arvell Edmondson and Strohn Johnson are citizens and residents of Tennessee. Plaintiffs Vanessa Coffin and Christopher Benjamin are citizens and residents of Kentucky. Plaintiffs are former employees of Defendant.

2. Defendant is a Mississippi corporation with corporate headquarters located at 4803 B 29th Avenue, Meridian, MS 39305. Its registered agent for service of process is C T Corporation System at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929. Defendant is licensed to do business in the State of Tennessee and is actively conducting business in the State of Tennessee with an office at 4236 Westcap Road, Whites Creek, TN 37189. Defendant is, therefore, subject to personal jurisdiction in Tennessee for the purpose of this lawsuit.

3. This action is brought pursuant to the FLSA found at 29 U.S.C. § 201, <u>et. seq.</u>, and specifically the collective action provision of the act found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendant which deprived Plaintiffs, as well as those similarly situated to the named Plaintiffs, of their lawful wages. Defendant has violated the minimum wage, overtime, and/or record keeping provisions of the FLSA.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court.

6. At all times material to this action, the named, representative Plaintiffs were all "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of the instant suit.

7. The minimum wage, overtime and record keeping provisions set forth in §§206, 207 and 211, respectively, of the FLSA apply to Defendant, and the Plaintiffs, as well as all those similarly situated, were covered by the FLSA while they were employed by Defendant.

8. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, as defined by § 203(f)(1) of the FLSA, and has an annual gross volume of sales that greatly exceeds $500,000.

9. At all times material to this action, the named, representative Plaintiffs, as well as all those similarly situated, were engaged in commerce.

10. Each of the named, representative Plaintiffs herein worked hours while employed by Defendant for which they either received no compensation, for which they were improperly paid at rates less than one-and-one half times their normal hourly rates, and/or for which they were paid below the minimum wage.

11. Defendant's actions, as set forth more fully below, in failing to compensate the named, representative Plaintiffs, as well as those similarly situated, or keep records in accordance with the provisions of the FLSA were willful.

12. As set forth more fully below, Defendant has engaged and continues to engage in a centralized, widespread pattern and practice of FLSA violations and intentional schemes designed to undermine and avoid the minimum wage and overtime pay provisions of the FLSA on a systemic, corporate-wide basis.

**FACTS**

13. At all relevant times, Plaintiffs and those similarly situated to Plaintiffs were employed by Defendant as technicians and installers. Plaintiff Christopher Benjamin was a field trainer of the technicians and was called upon to assist technicians. As technicians, Plaintiffs regularly made house calls to customers in order to install satellites and related products ("job assignments"). Plaintiffs would complete several job assignments per day, each of which could last from approximately an hour to several hours.

14. Plaintiffs and those similarly situated to Plaintiffs were paid an hourly wage plus a production bonus based upon the number and type of job assignments completed.

15. Plaintiffs regularly worked over 40 hours in a workweek in order to complete all of their job assignments. Defendant, however, did not pay Plaintiffs for all hours worked in order to avoid overtime payments. In the few instances when Defendant did pay overtime premiums, it was for far fewer hours than Plaintiffs had worked and at an improper rate.

16. Defendant has failed and continues to fail to meet the requirements of the FLSA by instituting policies and engaging in practices that violate the minimum wage, overtime pay and record keeping provisions of the FLSA. Specifically, Defendant violated these provisions by, among other things:

   a) requiring, suffering, and/or permitting Plaintiffs and those similarly situated to Plaintiffs to begin working prior to their first job assignments and failing to record or pay wages for the time worked prior to the start of their first job assignment, including, but not limited to, requiring employees to report to the company office before they went to their first job assignment and requiring the employees to call from their personal phones to receive the job assignments for the day;

   b) requiring, suffering, and/or permitting Plaintiffs and those similarly situated to Plaintiffs to continue working after they completed all of their job assignments by, among other things, requiring Plaintiffs to clean out their vehicles and by failing to record or pay wages for the time worked subsequent to the end of their shifts;

   c) requiring, suffering and/or permitting Plaintiffs and those similarly situated to work hours off-the-clock throughout their work day by failing to record

or pay wages for travel time between job assignments and by engaging in a policy or practice of reducing hours on employees' time records;

d) requiring, suffering and/or permitting Plaintiffs and those similarly situated to perform work during their meal periods despite deducting those meal periods from the employees' hours;

e) violating the record-keeping provisions of the FLSA by failing to properly record hours worked;

f) failing to properly calculate the overtime rate by, among other things, failing to record or pay wages for all hours worked and failing to pay overtime premiums at one and one-half times the employees' regular rate of pay as required by law.

17. The named, representative Plaintiffs, as well as all other similarly situated present and/or former employees of Defendant were and/or are subject to the policies, conduct and practices of Defendant set forth above and, as a result, their number of hours worked as recorded by Defendant was far less than their actual number of hours worked.

18. Pursuant to Defendant's policies and practices, Defendant has failed and continues to fail to pay Plaintiffs and those similarly situated to Plaintiffs the required minimum wage and overtime premium pay of one and one-half times their regular rate of pay for all hours worked in excess of 40 per workweek.

19. In addition to failing to compensate Plaintiffs for all hours worked, Defendant withheld uniform and tool costs from Plaintiffs' paychecks, failed to compensate Plaintiffs for accrued but unused vacation time and failed to properly pay Plaintiffs for fuel and mileage.

### COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA

5

20. Defendant has violated the provisions of the FLSA, resulting in damages to Plaintiffs and those similarly situated to Plaintiffs in the form of unpaid wages, incurred and incurring costs, and reasonable attorney's fees.

21. As a result of the minimum wage, overtime pay and record keeping violations of the FLSA, the named, representative Plaintiffs, as well as those similarly situated to the Plaintiffs, have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendant. In addition to the amount of unpaid wages owing to the named, representative Plaintiffs, and those similarly situated to the Plaintiffs, they are also entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

22. The named, representative Plaintiffs, and those similarly situated to the Plaintiffs, are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

23. Pursuant to 29 U.S.C. § 216(b), attached to and filed with this complaint as Exhibit A are the consent to become party-plaintiff forms signed by each of the named, representative Plaintiffs in this lawsuit.

24. Defendant's actions in failing to compensate the named, representative Plaintiffs and other similarly situated employees of Defendant in accordance with the provisions of the FLSA were willful and not in good faith.

25. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, all employees and former employees of Defendant who have been employed by the Defendant as technicians, installers or field trainers in any facility

owned and/or operated by Defendant should receive notice and the opportunity to join the present lawsuit.

WHEREFORE, premises considered, the named, representative Plaintiffs, individually, and on behalf of all other similarly situated persons, pursuant to 29 U.S.C. § 216(b), pray for the following relief:

1. that process issue against Defendant and that the Defendant be required to answer within the time period provided by applicable law;

2. that the Court issue notice to all similarly situated persons;

3. that other similarly situated past or present employees be given the opportunity to join this lawsuit as party-plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

4. that Plaintiffs, and all others who file consents, be awarded damages in the amount of their unpaid wages, and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest;

5. that Defendant be required to pay Plaintiffs' attorneys' fees;

6. that Defendant be required to pay the costs and expenses of this action; and,

7. that Plaintiffs be granted such other, further and general relief to which they may show themselves entitled;

8. that a jury be impaneled to hear this cause of action at trial.

Respectfully Submitted,


s/Charles P. Yezbak, III
Charles P. Yezbak, III (BPR #18965)
2002 Richard Jones Road,
Suite B200
Nashville, Tennessee 37215
(615) 250-2000

Attorney for Plaintiffs