UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ERIC THOMPSON, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | NO. 3:07-0412 |
| | ) | Judge Echols/Brown |
| BRUISTER & ASSOCIATES, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**O R D E R**

A telephone conference was held with the parties in this matter on July 20, 2009. At the present time the case is under a scheduling order (Docket Entry 306) and that scheduling order will remain in effect. The parties did note that a deadline had not been set for any motions to decertify the class. Any motion to decertify shall be filed on or before the present deadline for dispositive motions, which are due **July 10, 2010** (Docket Entry 306).

The parties then discussed the number of Plaintiffs who would be subject to full discovery. Mr. Yezbak advised that he was finalizing his list so that they could make a selection of 35 individuals. The parties advised that as soon as this list is finalized, they will be able to make the selection.

The Defendants asked about the possibility of including approximately 25 additional individuals for interrogatories. These would be individuals who had filed declarations in the case involving some of the preliminary matters. After discussion with

the parties, the Defendants may serve written interrogatories on 10 of the individuals of their selection who submitted declarations. The individuals selected should be Plaintiffs in this matter. To the extent that any individuals who submitted declarations are not Plaintiffs, then the Defendants may request permission to secure their depositions upon a showing of a particularized need.

Depending on the result of the interrogatories to the 10 Plaintiffs selected, the Defendants may seek permission to take further discovery from these individuals or others. The Magistrate Judge, however, is concerned that the parties not overwhelm each other with depositions in this case.

Financial records are available on CDs and in a searchable format. Some of the Defendants had concerns that the payroll records contained information about nonplaintiffs in the matter and that this material should be redacted before the CDs are produced. The Magistrate Judge is concerned that this redaction would take a considerable amount of time and it is possible that the information would have some relevancy to the case. Accordingly, this material should be produced to the Plaintiffs unredacted. However, information as to nonplaintiffs will be considered as filed with the restriction "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided in the protective order (Docket Entry 110). Should anyone other than the individual whose financial information is in question seek to use this material, they shall secure Court

permission by showing a particularized need and relevancy for the information.

A recording was made of the telephone conference and any party may order the same from the Clerk of the Court.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3