```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

ERIC THOMPSON, et al.,            )
                                  )
        Plaintiffs                )
                                  )
v.                                )    NO. 3:07-0412
                                  )    Judge Sharp/Brown
BRUISTER & ASSOCIATES, INC.,      )    **Jury Demand**
                                  )
        Defendant                 )

**TO:   THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the case against the Defendant Chris Godfrey be dismissed without prejudice for failure to prosecute by the Plaintiff.

## BACKGROUND

On October 7, 2011 (Docket Entry 488) the Magistrate Judge set forth a brief history of the proceedings against Mr. Godfrey. He was served on April 28, 2009 (Docket Entry 327) and has made no appearance in this matter. Plaintiffs' counsel was specifically advised that unless they intended to seek a default as to Mr. Godfrey the Magistrate Judge would recommend that the claims against him be dismissed for failure of the Plaintiffs to prosecute. Since that time all certified mail sent to Mr. Godfrey has been returned as unclaimed. There is no indication that orders sent by regular mail are being returned. Plaintiffs' counsel,

however, has taken no action to seek a default as to Mr. Godfrey, as directed, and over a year has passed.

## LEGAL DISCUSSION

Since the Plaintiffs have shown on the record that they obtained service on Mr. Godfrey in April 2009, they have now waited well over three years without moving for a default. They have waited over a year since the Magistrate Judge specifically advised them to seek a default or risk their case against Mr. Godfrey being dismissed for failure to prosecute.

Inasmuch as the Plaintiffs have taken no action in this matter the Magistrate Judge can only conclude that they have decided to abandon their claims against Mr. Godfrey. The Court must have the ability to control its docket and the Plaintiffs' failure to take some action, either pro or con in Mr. Godfrey's case, leads the Magistrate Judge no alternative but to recommend this case be dismissed without prejudice for failure to prosecute. There is no reason for the Clerk's office to continue to expend money sending certified mail to an individual who is not responding.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the case against Defendant Godfrey be DISMISSED without prejudice due to the failure of Plaintiffs' counsel to obey Court orders and to prosecute this claim.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge