UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC THOMPSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:07-00412 |
| | ) Judge Sharp |
| | ) |
| BRUISTER AND ASSOCIATES, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court are fully briefed Motions to Dismiss for Failure to Prosecute pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. (Docket Nos. 662 & 666).[1] The Motions are directed at the claims of Plaintiffs Jonathan Vickery, Larry Marlin, Aaron Beatty, Larry Haywood, and Larry Burke. Those Motions will be denied without prejudice as to Haywood and Burke, but granted as to Vickery and Marlin. The Motion as to Beatty will be denied as moot because, by Order entered contemporaneously herewith, his claims will be dismissed on judicial estoppel grounds.[2]

## I. DISCUSSION

---

[1] Additionally, DirecTV has filed a Motion for Entry of Order Granting the Motion to Dismiss for Failure to Prosecute (Docket No. 695) because Plaintiffs did not respond within the fourteen days provided by Local Rule 7.01(b). However, that Rule was trumped by the Scheduling Orders entered in this case (Docket Nos. 534 and 580) which enlarged the time for filing both responses and replies to dispositive motions. Thus, the Motion for Entry of Order will be denied.

[2] Accordingly, the circumstances surrounding Beatty's failure to appear for his deposition will not be discussed in this opinion.

1

Discovery in this collective action has been limited to the eight named Plaintiffs, as well as thirty-five Discovery Plaintiffs who were randomly selected by computer. Those Discovery Plaintiffs worked in 14 separate BAI locations.

Because the number of Plaintiff depositions was limited to ten by the Court, Defendants claim that they sought to take the depositions of Plaintiffs that would be a representative of at least ten different BAI office locations, and issued ten notices of deposition to be held in May 2012. Due to conflicts in counsels' schedules, however, the depositions were rescheduled for July 2012.

In late May 2012, Defendants were informed that Vickery and Marlin could not be located, and they were never deposed. Haywood and Burke did not appear for their depositions, and so they were not deposed.

Plaintiffs concede that Vickery and Marlin could not be located, but take the position that they do not believe those two to be Discovery Plaintiffs because they were not among the 30 Plaintiffs who responded to interrogatories. As for Haywood, Plaintiffs concede that he simply failed to appear for his deposition due to a work conflict and they informed Defendants they should seek an alternate Discovery Plaintiff to depose. Finally with regard to Burke, Plaintiffs claim that he was willing and able to appear for his deposition as scheduled, but that Defendants unilaterly postponed the deposition date, at which point Plaintiffs informed Defendants that Burke was unwilling to travel to Nashville, but could be deposed in Charlotte, North Carolina.

Despite the gloss placed upon the facts by all parties as to each Plaintiffs' action (or inaction), it is clear that Vickery, Marlin, Haywood and Burke did not show for their deposition and were not deposed. It is also clear that Defendants' request that these individuals be dismissed with prejudice from this litigation is too harsh a sanction, expect with respect to Vickery and Marlin.

2

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). Sanctions may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41(b), in turn, provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it," and "[u]nless the dismissal order states otherwise, a dismissal . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In determining whether dismissal is appropriate under Rule 37 or Rule 41, a court considers the following factors: "'(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'" United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002) (quoting, Knoll v. Am. Tel. & Tele. Co., 176 F.3d 359, 363 (6th Cir. 1999)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." Id.

In this case Defendants have not shown a record or delay or contumacious conduct by the identified Plaintiffs. Even assuming that the identified Plaintiffs' failure to attend their noticed deposition was willful, Plaintiffs have not been warned by the Court that their failure to cooperate could result in dismissal, nor have less drastic measures been considered to this point. A less drastic measure would be to permit these Plaintiffs one final opportunity to sit for deposition. If they fail

3

to appear, they will be dismissed and Defendants will be allowed to take the deposition of other Discovery Plaintiffs in their stead. This approach seems fair to Plaintiffs and eliminates prejudice to Defendants.

While much of the above applies to all of the identified Plaintiffs, the Court determines that it would be futile to require Defendants to notice Plaintiffs Vickery and Marlin, and then wait for them to once again not appear for their deposition. Plaintiffs' counsel has indicated that they do not know the location of these individuals. The abandonment of this case appears to be a wilful choice on their part and, obviously, the Court cannot apprise them of the possibility of dismissal for failure to appear, nor can counsel advise them of a rescheduled deposition if their location is unknown.

## II. CONCLUSION

On the basis of the foregoing, the Motions to Dismiss for Failure to Prosecute will be denied, except as to Plaintiffs Vickery and Marlin. Defendants will be provided the opportunity to depose Plaintiffs Hayward and Burke. If those Plaintiffs do not appear for their duly scheduled deposition, they will be dismissed from this lawsuit and Defendants will be provided the opportunity to depose other Discovery Plaintiffs in their stead. Defendants will also be allowed to depose three substitute Discovery Plaintiffs for Plaintiffs Vickery, Marlin and Burke.

An appropriate Order will be entered.

*[Signature: Kevin H. Sharp]*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE